UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:20-cr-32 (SRU) |
| | : | |
| v. | : | |
| | : | |
| TYRELL COX-HENDERSON | : | |
| and ALLEN LUSMAT | : | April 30, 2020 |

**GOVERNMENT'S MOTION FOR**
**SPEEDY TRIAL ACT FINDINGS OF EXCLUDABLE DELAY**

The Government seeks entry of an order excluding time from the Speedy Trial Act calculation for excludable delay.

**Background**

This case was set for trial on May 1, 2020. On March 11, 2020, this Court issued a General Order suspending all jury selections and jury trials scheduled to begin before April 10, 2020 in the District of Connecticut. *See* IN RE: Court Operations Under the Exigent Circumstances Created by COVID-19 (General Order, March 11, 2020) ("Court Operations Order"). In a separate General Order, the Court prohibited specific categories of people from entering federal courthouses in the District of Connecticut: people who have traveled to listed areas within the past 14 days, people who have had close contact with someone who traveled to a listed area, people who have been asked to self-quarantine, and people who have been diagnosed with (or had contact with someone diagnosed with) COVID-19. *See* IN RE: Restriction on Visitors to Courthouses (General Order, March 11, 2020) ("Visitor Restriction Order"). On

1

April 2, 2020, the Court issued a Superseding General Order suspending all jury selections and jury trials scheduled to begin on or before May 15, 2020. *See* IN RE: Court Operations Under the Exigent Circumstances Created by COVID-19 ("Jury Suspension Order"). On April 27, 2020, the Court issues a Superseding General Order suspending all jury selections and jury trials scheduled to begin on or before June 15, 2020. *See* IN RE: Court Operations Under the Exigent Circumstances Created by COVID-19 ("Superseding General Order"). The Court entered these General Orders to address public health concerns related to COVID-19.

On March 23, 2020, the Court entered a revised calendar in this case scheduling jury selection for July 10, 2020.

## Discussion

The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day "clock." § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, § 3161(h)(3)(A), and other periods of time are excluded when the judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

The time between May 1, 2020 and July 10, 2020, should be excluded under the ends-of-justice provision, § 3161(h)(7)(a). Although the Court Operations Order addresses the district-wide health concerns and practical issues with conducting jury trials in the District of Connecticut at this time, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509.

Judged by the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the Court Operations Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

Paragraph 2 of the March 11, 2020 Court Operations Order , Paragraph 3 of the April 2, 2020 Superseding General Order and Paragraph 5 of the April 27, 2020 Superseding General Order all exclude the resulting in the "ends of justice" 18 U.S.C. § 3161(h)(7). In addition to these public health concerns for prospective jurors, and

the ability of the Court to obtain—and maintain—an adequate spectrum of jurors as outlined in the Court Operations Order, an ends-of-justice delay is particularly apt in this case because counsel and USAO personnel have been encouraged to telework and minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with witnesses and close collaboration between parties and their representatives (for the Government, prosecutors and investigating agents and for the defense, defense counsel, defense investigators, and the defendant). Given these inherent difficulties in preparing this case for trial during an ongoing public health crisis, the Court should exclude the delay under the ends-of-justice provision, § 3161(h)(7)(a).

## Conclusion

Based on the foregoing, this Court should enter a case-specific order finding excludable delay appropriate in this particular case under § 3161(h)(7).

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY


*/s/ Nathaniel J. Gentile*
NATHANIEL J. GENTILE
ASSISTANT U.S. ATTORNEY
Federal Bar No.ct28860
157 Church Street, 25th Floor
New Haven, CT 06510
203-821-3700

4

## CERTIFICATE OF SERVICE

      This is to certify that on April 30, 2020, a copy of the foregoing Government's Motion was filed electronically and served by first-class United States mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                          */s/ Nathaniel J. Gentile*
                                                          NATHANIEL J. GENTILE
                                                          ASSISTANT U.S. ATTORNEY